LEONARD A. FARRAR *vs.* ROSECRANS W. PILLSBURY.

Suffolk.    November 9, 1921. — March 2, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Equity Pleading and Practice,* Appeal, Master.    *Equity Jurisdiction,* Accounting.

Where the report of a master in a suit in equity did not contain a report of evidence and no exceptions were filed by either party, the facts found by the master must be accepted as true upon an appeal from a final decree, and the only question before this court is, whether the decree appealed from lawfully could be entered upon such findings.

In a suit in equity for an accounting, the following facts appeared: In June, 1909, the plaintiff owned or controlled all the capital stock of a corporation whose only asset was a lumber mill in Maine worth about $6,500 and subject to a mortgage for $1,500. He also owned land in Vermont subject to a first mortgage, upon which $4,500 was due, and to a second mortgage of $3,000, which also included the first mortgage of $1,500 upon the mill, there being standing upon this land about three million feet of soft timber suitable for cutting and several million feet of hard wood. The defendant agreed to buy the soft

timber on the land and to pay the plaintiff therefor $5,000 above the first mortgage. This the defendant never paid. By further agreements, the plaintiff caused one half of the stock in his corporation to be transferred to the defendant, who was elected treasurer and who thereafter had charge of the corporation finances, the mill was moved to the land in Vermont and the plaintiff and the defendant undertook, through the corporation, to cut and to dispose of the soft timber, the plaintiff receiving $100 per month for superintending the work. Money was borrowed on notes signed by the parties as joint makers or as indorsers for the corporation, and from the proceeds thereof the first mortgage on the land was paid. In October, 1909, the holder of the second mortgage on the land (which included the first mortgage on the lumber mill) started to foreclose the mortgage, and the plaintiff told this to the defendant and demanded of him payment of the $5,000 which he had agreed to pay for the soft timber. The defendant obtained a check for $5,000 from a second corporation which he had formed and used the proceeds to pay off the remaining mortgage on the land and on the mill, and, at his request, the plaintiff conveyed to the second corporation the land in Vermont and released to it all his interest in the lumber mill. The first corporation then was dissolved by act of the Legislature. The plaintiff continued getting out lumber until March, 1910, when the defendant stopped him, only one and one half million feet of timber then having been shipped out. The defendant denied any liability to the plaintiff and refused an accounting. A final decree was entered adjudging that the defendant owed to the plaintiff $5,000 as of October, 1910, and ordering payment thereof with interest. The defendant alone appealed. *Held*, that the facts warranted the decree.

BILL IN EQUITY, filed in the Superior Court on July 3, 1911, and afterwards amended, for an accounting.

In the Superior Court, the suit was referred to a master. Material facts found by the master are described in the opinion. No exceptions to the report were filed by either party.

By order of *Wait*, J., there were entered an interlocutory decree confirming the master's report on July 23, 1920, and on April 23, 1921, a final decree adjudging·that the defendant owed to the plaintiff $5,000 as of October 5, 1910, that he be ordered to pay to the plaintiff $8,164.96 and that execution issue therefor. The defendant appealed.

The case was submitted on briefs.

*G. M. Palmer*, for the defendant.

*F. L. Simpson & A. P. Teele*, for the plaintiff.

DE COURCY, J. No exceptions were taken to the master's report. In the absence of the evidence we must accept the facts as found by him. Whether the final decree lawfully could be entered thereon is the only question before us. *E. W. Burt & Co. Inc.* v. *Coes & Young Co.* 212 Mass. 134.

The following material facts were found by the master. In June, 1909, the plaintiff owned or controlled all the capital stock of the Farrar Lumber Company, the only asset of which was a lumber mill, located at Marshall's Island, in Maine, worth from $6,000 to $6,500 and subject to a mortgage of $1,500. He owned also twelve hundred acres of timber land in Hancock, Vermont, on which there were about three million feet of spruce suitable for cutting, and several million feet of hard wood. This land was subject to a first mortgage of $5,000 (later reduced to $4,500), held by one Moshier, and a second mortgage of $3,000 held by one Jones, which also included the $1,500 first mortgage on the mill above referred to. Early in June the defendant agreed to buy the soft timber on said land, and to pay the plaintiff therefor $5,000 above the Moshier mortgage. This money the defendant never paid. In pursuance of their further agreement, the plaintiff caused one half of the stock of the Farrar Lumber Company to be transferred to the defendant, who was elected treasurer; the mill was moved from Marshall's Island to Hancock; and they undertook, through the Farrar Lumber Company, to cut and dispose of the soft timber on the Hancock tract. The plaintiff managed the lumbering operations on the property, receiving $100 per month as superintendent. The defendant had charge of the finances of the company. Money was borrowed on notes signed by the parties as joint makers or as indorsers of the Farrar Lumber Company; and from the proceeds of these notes the first mortgage on the Hancock land was paid.

In October, 1909, the holder of the Jones mortgage on the Hancock property and the lumber mill started foreclosure proceedings. The plaintiff then informed the defendant of this mortgage, and demanded payment of the $5,000 which he had agreed to pay for the soft timber. The defendant, instead, obtained a check of $5,000 from the North American Spruce Lumber Company, a corporation which he had organized; the proceeds were used to pay the Jones mortgage, and at the defendant's request the plaintiff conveyed the Hancock property to said North American Spruce Lumber Company on October 8, 1909. Later at the request of the defendant he gave a deed of release to said North American company of whatever interest he had in the mill, the title to which was in the Farrar Lumber

Company; and this latter company was subsequently dissolved by an act of the Legislature, on the application of the corporation. The plaintiff continued getting out lumber throughout the winter, until the defendant stopped the work of cutting and hauling about March 20, 1910. In all, about one and a half million feet of spruce were shipped out. The defendant refused to give the plaintiff an accounting and denied any liability to him.

"Aside from that part of the proceeds of the notes which was used to pay off the balance of $4,500 due on the Moshier mortgage and the $5,000 which was obtained from the North American Spruce Lumber Company and was used in the payment of the Jones mortgage, and the $100 a month which was paid the plaintiff for services as superintendent and for expenses, he received no money or other thing of value for his stock in the Farrar Lumber Company and the mill owned by that company or for his interest in the Hancock land and timber."

The master made findings of other amounts due the plaintiff; but as the latter has not appealed from the final decree, it is unnecessary to refer to the facts relating to these additional sums. The decree is in accordance with the express finding of the master that the "defendant agreed to pay the plaintiff and the plaintiff agreed to take $5,000 for the soft timber on the Hancock tract; that the defendant has never paid this sum to the plaintiff and the defendant owes the plaintiff the sum of $5,000 with interest thereon from October 5, 1910."

The entry must be

*Decree affirmed with costs.*